THE ZORKIN FIRM
Michael Zorkin (Bar No. CA 313308)
E-mail: mz@thezorkinfirm.com
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone: (323) 493-8075
Fax: (323) 872-5251

TOGUT, SEGAL & SEGAL LLP
Kyle J. Ortiz (NY 4818571) (*pro hac vice*)
kortiz@teamtogut.com
Ronald Howard (NY 5256086) (*pro hac vice*)
rhoward@teamtogut.com
Eitan Blander (NY 5693213) (*pro hac vice*)
eblander@teamtogut.com
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000

Attorneys to the Foreign Representatives
of Golden Sphinx Limited

HILL, FARRER & BURRILL LLP
Daniel J. McCarthy (Bar No. 101081)
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 621-0802
Fax: (213) 624-4840
dmccarthy@hillfarrer.com

Attorneys for Creditor Garry Y. Itkin

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re Golden Sphinx Limited,<br><br>               Debtor in a Foreign Proceeding. | Case No. 2:22-bk-14320-NB<br><br>Hon. Neil W. Bason<br><br>Chapter 15<br><br>**JOINT STATUS REPORT**<br><br>Hearing Date:  February 7, 2023<br>Hearing Time: 2:00 p.m. PT<br>Courtroom:  1545 |

## STATUS REPORT

Andrew Wood and Alexander Adam, in their capacities as the joint liquidators and authorized foreign representatives (in such capacity, the "**Foreign Representatives**" or the "**Liquidators**") of Golden Sphinx Limited (in creditors' winding up), a corporation organized and existing under the laws of Jersey (the "**Debtor**"), and creditor Garry Y. Itkin ("**Itkin**" and with the Foreign Representatives, the "**Parties**"), each by and through their undersigned counsel, respectfully submit this joint status report (the "**Status Report**").  At a conference before the Court held on November 15, 2022 (the "**Ruling Conference**"), during which the Court issued an interim oral ruling (the "**Oral Ruling**") on Itkin's Motions to Lift the Automatic Stay (the "**Itkin Lift Stay Motions**"), the Court directed Itkin's counsel to lodge proposed orders on the Motions and further directed the Parties to file a joint status report on or before January 26, 2023, in advance of the continued hearing on the Itkin Lift Stay Motions scheduled for February 7, 2023 (the "**Continued Hearing**").

This Status Report contains two parts.  The first part is submitted by the Foreign Representatives.  The second part is separately submitted by Mr. Itkin.

### Status Report by the Foreign Representatives

### 1. Itkin's Motion to Remove the Foreign Representatives

On October 11, 2022, Itkin submitted an application and supporting affidavit in the Royal Court of the Island of Jersey (Samedi Division) (the "**Jersey Court**") seeking an order to remove the Foreign Representatives and their then counsel, Advocate Jeremy Garrood, on the grounds of alleged conflict (court file no. 2022/197) (the "**Removal Motion**").  By letter dated November 7, 2022 directed to Preston Legal, Itkin's local Jersey counsel ("**Preston Legal**"), Collas Crill, as local Jersey counsel for the Foreign Representatives ("**Collas Crill**"), responded to the matters asserted by Itkin in the Removal Motion and requested that Itkin withdraw the Removal Motion. By letter dated November 16, 2022, Preston Legal responded to Collas Crill's November 7th letter, indicating, among other things, that Mr. Itkin is not prepared to withdraw the Removal Motion.  On November 30, 2022, Collas Crill sent a further letter to Preston Legal requesting

clarification about the basis for the purported conflict alleged in the Removal Motion and reiterating the prior request that Itkin withdraw the Removal Motion.

On December 5, 2022, the Foreign Representatives submitted a substantive affidavit in the Jersey Court responding to the Removal Motion.  On December 22, 2022, Itkin submitted a second affidavit in the Jersey Proceedings in further support of his Removal Motion.  On January 3, 2023, Collas Crill sent a letter to Preston Legal further requesting clarification about the basis for the purported conflict alleged in the Removal Motion, but did not receive any further responses from Itkin or his counsel.

The Jersey Court heard arguments on Itkin's Removal Motion on January 13, 2023 but has not yet issued a decision.   The Parties will update the Court in writing should a decision be handed down on the Removal Motion before the Continued Hearing.

**2.   Stay of Manchester Proceeding**

On March 14, 2022, prior to the commencement of the Jersey Liquidation and the filing of this Chapter 15 case, Itkin initiated an action against the Debtor and New Albion Property Limited ("**NAPL**") in Business and Property Courts in Manchester, England (case number BL-2022-MAN-000022) (the "**Manchester Court**") seeking a series of binding declarations, including that Itkin is the sole owner of the two issued shares of NAPL (the "**Manchester Proceeding**").

On October 10, 2022, following the commencement of the Jersey Liquidation, the Jersey Court issued a Letter of Request to the High Court of Justice in England, Chancery Division (the "**English Court**") requesting that the English Court, among other things, recognize the Foreign Representatives as the joint liquidators of the Debtor.

On October 11, 2022, Rimon Law, as English local counsel for the Foreign Representatives ("**Rimon Law**"), submitted an application to the English Court seeking a stay of the Manchester Proceeding.

Between October 11, 2022 and November 6, 2022, Rimon Law and Freeths, as English counsel for Itkin ("**Freeths**") exchanged a number of correspondences regarding a potential consensual stay of the Manchester Proceeding.   Ultimately, Itkin and the Foreign Representatives

were not able to agree to terms for a consensual stay of the Manchester Proceeding.

On November 9, 2022, the Foreign Representatives filed an application in the English Court seeking an order appointing the Foreign Representatives as the joint liquidators of the Debtor and instituting a stay against all actions and proceedings against the Debtor.

On November 10, 2022, the English Court issued an order recognizing the Foreign Representatives as the joint liquidators of the Debtor and imposing a stay on all actions and proceedings within the English Court's jurisdiction against the Debtor or its property (the "**English Recognition Order**").  The English Recognition Order specifically references the Manchester Proceeding.

3.  **Foreign Representatives' Efforts to Protect
     the Potential Assets of the Debtor's Estate**

By letters dated December 7, 2022 and December 21, 2022, the Foreign Representatives, through Rimon Law, requested that Itkin agree to certain "undertakings" (essentially, commitments), including not to transfer, dispose of, or in any way diminish NAPL, the shares in NAPL, or the assets of NAPL.

Itkin refused to consensually agree to the undertakings requested by the Foreign Representatives.  On December 22, 2022 Rimon Law sent an email to Freeths reiterating the Foreign Representatives' request for consensual undertakings and threatening to file an urgent injunction application for equivalent relief if Itkin did not agree to accept the undertakings.

By letter dated December 22, 2022, Itkin agreed to the undertakings.  However, Freeth's letter indicated that such undertakings would automatically expire on January 4, 2023.  In light of this, on December 23, 2022, Rimon Law sent a letter requesting that Itkin agree to continue the undertakings after January 4, 2023 to avoid the need for the filing of the urgent injunction application.

On December 29, 2022, the Foreign Representatives, by Collas Crill, sent a letter requesting that Itkin agree that the undertakings will remain in effect until the final determination of the ownership NAPL has occurred and agree that he will provide 10 business days' written notice should he wish to not continue the undertakings.  The December 29, 2022 letter requested a

response by December 30, 2022.  No response was received by the December 30, 2022 deadline and the Foreign Representatives prepared the injunction application to be filed before Itkin's consensual undertakings expired on January 4, 2022.

By letter dated January 3, 2023, Itkin agreed to continue the undertakings indefinitely until the resolution of the NAPL issue and that Itkin could terminate his agreement to continue the undertakings on 10 days' written notice.

4. **Foreign Representatives' Efforts to Consolidate All Debtor Matters in Jersey**

On December 23, 2022, Ardent Chambers (local Jersey counsel to the Foreign Representatives) transmitted correspondence directed to Preston Legal discussing the Foreign Representatives' duty to gather assets which they properly believe belong to the Debtor and expressing their belief that Itkin's claims to certain assets related to the Debtor and/or NAPL were without merit.  This correspondence also set forth a deadline of January 13, 2023, by which Itkin was to (i) offer a proposal for the return of the Debtors' assets and (ii) confirm his agreement that all actions between himself and the Debtor should be heard in Jersey.  Collas Crill additionally transmitted correspondence directed to Freeths dated December 29, 2022 which, among other things, made reference to Ardent Chambers' earlier correspondence.

In a responsive letter to Collas Crill dated January 4, 2023, Freeths reported that it was liaising with Itkin on the question of "whether or not it would be appropriate to try to resolve the dispute regarding [NAPL's] ownership in any other jurisdiction than England and Wales." Preston Legal followed up with an email message sent January 12, 2023 to Ardent Chambers and Collas Crill, expressing Itkin's view that it was not possible to comply with the January 13, 2023 deadline set forth in Ardent Chambers' December 23, 2022 correspondence.  Preston Legal indicated that it would respond to the Foreign Representatives' inquiries "in the course of the next week and in any event by the end of the week." On January 20, 2023, both Ardent Chambers and Collas Crill followed up with Preston Legal by email seeking a response.  Preston Legal have yet to respond.

5. **Claims Review in Jersey Liquidation**

The deadline for creditors to file claims against the Debtor in the Jersey Liquidation has

4

expired.  The Foreign Representatives have not yet sought to adjudicate the Debtor's claims, including Itkin's claim, which the Foreign Representatives assert is standard procedure in liquidation cases where there are not yet estate assets to distribute to creditors.

Additionally, as discussed during this Chapter 15 case, the Foreign Representatives assert that Itkin's claim is subject to various counter-claims in favor of the Debtor, which will likely only be asserted and established through litigation of Itkin's claims against the Debtor.

6. **Foreign Representatives' Ongoing Efforts to**
**Obtain Books and Records Relating to the Debtor**

During the time between the Ruling Conference and the date of this Joint Status Report, the Foreign Representatives have been in regular correspondence with various former advisers to the Debtor and other third parties (including Itkin) in an effort to secure and obtain the Books and Records of the Debtor.  This remains ongoing.

**Status Report by Mr. Itkin**

1.    At the conclusion of the continued hearing on Itkin's Lift Stay Motions on November 14, 2022, the Court directed the Parties to file a joint status report, stating as follows:

> And I think it would be  helpful to me to have a status report a week in advance.  Actually, two weeks would probably be better.  How about a status report on Thursday, the 26th of January?  Any problem with doing that?  I would imagine a joint status report, but you can obviously include different sections in which you disagree, if you want.
>
> &ast;    &ast;    &ast;    &ast;
>
> [I]t can be as brief as no change, period, or, you know, don't make it tremendously lengthy, but the point here is to try to make things efficient so that I have enough information that we don't spend time at the hearing going over things that would have been more efficiently handled by filing something in advance.  So if there's nothing to report, you can just say nothing to report, but if there's something that would help, then please address that.

(Docket no. 57 [Transcript of 11/14/2022 hearing], at 23:14-20; 23:25-24:8.)

2.    On January 25, 2023, at 12:59 p.m., Mr. Itkin's counsel in this Chapter 15 case received a proposed status report from the Foreign Representatives' counsel that contained a detailed recitation of matters that purportedly have taken place in Jersey and Manchester,

including a chronology of letters sent between advocates for the Foreign Representatives and Mr. Itkin, hearings, pleadings filed and orders issued.  In the short time between receipt of the draft of the proposed status report on the afternoon of January 25 and the due date of the report on January 26, 2023, counsel for Mr. Itkin in this Chapter 15 case has been unable to verify whether the detailed factual recitation by the Foreign Representatives is accurate and/or complete.

3.     Moreover, Mr. Itkin did not understand the Court's above-quoted direction that the Parties submit a Status Report as an instruction that the Parties describe in detail what has occurred in proceedings in Jersey and Manchester.  Instead, he understood it as an instruction that the parties update the Court on matters bearing upon the continued hearing on the Motions, which is set forth below.

4.     The Underlying Actions.  Judge Michael Stern's stay order in the State Court Action and Judge John Kronstadt's order vacating hearings in the Federal Action remain in effect while those courts await clarification from this Court in entering a final ruling regarding the scope of the automatic stay on Itkin's Lift Stay Motions that were filed on September 16, 2022.  A status conference is scheduled in the State Court Action for March 8, 2023, to discuss the status of the bankruptcy as it affects the State Court Action.

5.     The Orders on the Lift Stay Motions: After the November 14, 2022 hearing on the Motions, Mr. Itkin's counsel provided the Foreign Representatives' counsel with drafts of the Orders on both Motions.  The Parties were unable to agree on the orders.  There was one area of disagreement that concerned whether the "umbrella" of the automatic stay extended to causes of action alleged by non-debtors in the Second Amended Complaint ("SAC") in the State Court Action.  At the November 14, 2022 hearing, the Court ruled:

> MR. McCARTHY…Now, here's what I think we need further clarification.  The debtor's claims in the state court action, which are seven of the twenty-one claims, I understand those are stayed. There are fourteen other Claims by four plaintiffs and the four plaintiffs are AFB Trading, M -- I think it's BJEC and M-NEST. All right.  And as I understood Your Honor's comments, the claims -- the affirmative claims by those three other plaintiffs in the state court action are not stayed, but the claims of the fourth other plaintiff, which is New Albion Property Limited, are stayed because that conceivably affects property of the estate.

THE COURT:  Also correct.  Thank you for clarifying.

(Docket no. 57 (Transcript of 11/14/2022 hearing, at 14:22-15:10, emphasis added.)

After the hearing, the Foreign Representatives asserted that any affirmative cause of action that was alleged by the Debtor, New Albion Partners Limited ("NAPL") and by any of the other three non-debtor plaintiffs (i.e., AFB Trading One, Inc., M-BJEP Limited, and M-Nice Limited) was stayed in its entirety, not just as to the Debtor and/or NAPL.[1]  That was inconsistent with the Court's above-quoted ruling.  To put this issue in perspective, there are two such causes of action alleged in the SAC, a copy of which is attached the Motion concerning the State Court Action as Exhibit A.  (Docket no. 48.)  The 15th cause of action is for conversion by the Debtor, AFB Trading One, Inc., M-BJEP Limited, and M-Nice Limited against Mr. Itkin.  It alleges that Mr. Itkin has wrongful possession of the "Corporate Records" of each of those four plaintiffs. The 17th cause of action is for an accounting by the Debtor, NAPL, AFB Trading One, Inc., M-BJEP Limited, and M-Nice Limited against Mr. Itkin.  It alleges that each of the five plaintiffs are entitled to an accounting of monies allegedly taken by Mr. Itkin from each of them.  There is no legal or factual reason why the stay of those affirmative causes of action by the Debtor and/or NAPL should operate as a stay of those causes of action by AFB Trading One, Inc., M-BJEP Limited, and M-Nice Limited.  Those claims of AFB Trading One, Inc., M-BJEP Limited, and M-Nice Limited involve their own Corporate Records and monies.

Because Mr. Itkin would not agree to extend the proposed order in a manner that contradicted the Court's ruling, he lodged proposed orders on November 29, 2022.  (Docket nos. 58 and 59.)  The Foreign Representatives filed an objection to the Order concerning the State Court Action only, and they lodged an alternative order on December 5, 2022.  (Docket nos. 60 and 61.)

The alternative order submitted by the Foreign Representatives contradicts the Court's ruling by adding the italicized language as follows:

---

[1] There other issues that the Parties could not agree upon regarding the propped Order concerning the State Court Action, but in the alternative order that they lodged, the Foreign Representatives did not propose different language as to those issues.

1.       All proceedings on the causes of action alleged by the Debtor in the Second Amended Complaint (the "SAC") in Los Angeles Superior Court case no. BC647351 (the "State Court Action"), *whether independently or jointly with other parties,* are stayed pursuant to the automatic stay in 11 U.S.C. section 362(a)(3).

2.       All proceedings on the causes of action alleged by New Albion Property Limited in the SAC in the State Court Action, *whether independently or jointly with other parties,* are stayed pursuant to the automatic stay in 11 U.S.C. section 362(a)(3).

*        *        *        *

5.       The proceedings on the causes of action alleged by AFB Trading One, Inc., M- BJEP Limited, and M-Nice Limited in the SAC in the State Court Action are <u>not</u> stayed pursuant to the automatic stay in 11 U.S.C. section 362(a)*, except to the extent otherwise provided in paragraph 1 or paragraph 2 of this Order*.

(Docket no. 61, italics added.)

As justification for their alternative order, the Foreign Representatives argue in their Objection that "[t]he Court's ruling did not bifurcate, by Plaintiff Group, the fifteenth and seventeenth causes of action into stayed and non-stayed portions, but the Itkin Proposed Order does not clearly reflect this." (Docket no. 60, at 3:21-23.) The Foreign Representatives conflate the concepts of the scope of the stay and bifurcation, and in that way they attempt to bootstrap the stay into applying to affirmative cause of action by AFB Trading One, Inc., M- BJEP Limited, and M-Nice Limited.

With due respect, the Foreign Representatives appear to believe that this Court is the appropriate court to "bifurcate" the 15th and 17th causes of action. That is incorrect. If this Court confirms by its order on the State Court Action that the 15th an 17th causes of action are stayed only as to the Debtor and NAPL and that they are not stayed as to AFB Trading One, Inc., M- BJEP Limited, and M-Nice Limited, it then will be left to the State Court to decide whether to bifurcate those causes of action for trial, taking into consideration that AFB Trading One, Inc., M- BJEP Limited, and M-Nice Limited only are seeking the return of their own "Corporate Records" and an accounting as to their own monies. The State Court is better suited to rule on the issue of bifurcation, which is a practical issue that depends upon facts to be presented to it.

Indeed, at the November 14, 2022 hearing, this Court recognized that the stay did not

apply to the affirmative claims of AFB Trading One, Inc., M- BJEP Limited, and M-Nice Limited and that it was the responsibility of the State Court to determine which non-stayed cause of action would be bifurcated and tried, in stating:

> But for purposes of the automatic stay I don't think that I can conclude that there's an attempt to an act to exercise control over property of the estate, even just claims of the estate by going forward with the litigation to the extent that it's limited to AFB Trading One, M-BJEP and M-NICE.  Those things, it seems to me, that if the state court or the federal court presiding over the non-bankruptcy litigation were to be persuaded that it's possible to disaggregate those matters ***and to bifurcate the proceedings*** and go ahead with those, then I don't think the automatic stay is implicated, although in its absolutely broadest sense it might be possible to say that by litigating the same issues that there would be some sort of effect to control property of the estate because ultimately if, for example, there's no partnership that has one effect on the assets of the estate and if there is a partnership that has another effect on the assets of the estate.

(Docket no. 57, at 10:3-19, emphasis added.)

Although the proposed order on the Federal Action was not objected to, it has not been entered, nor has any order been entered on the State Court Action.

5.    Motion for Rule 2004 Exam:  On December 27, 2022, Mr. Itkin filed a Motion for Order Authorizing the Production of Documents by the Custodian of Records of East West Bank Pursuant to Federal Rule of Bankruptcy Procedure 2004 (docket no. 62) and a proposed order (docket no. 63).  By the Motion, Mr. Itkin seeks records from East West Bank regarding a $5 million loan secured by property in Beverly Hills that is owned by NAPL, which the Foreign Representatives claim the Debtor owns, because those files presumably contains a loan application and documents bearing upon NAPL's financial condition (category 1); payments on the $5 million loan, which would show the source of payments, such as checks or wires from NAPL that show where it bank accounts are maintained, thereby enabling further investigation of those accounts (category 2); monthly and annual statements by the Bank relating to the loan, which would reflect charges, payments made and the balance owing on the loan and, therefore, the available equity in the Beverly Hills property (category 3); and records of any bank account of NAPL at East West Bank, including transactions over $15,000, which would show the source of its income and large expenditures by NAPL (category 4).

The Foreign Representatives filed an objection on January 3, 2023.  (Docket no. 64.)  Mr. Itkin filed a reply on January 6, 2023.  (Docket no. 66.)  The Foreign Representatives argued, *inter alia*, that Mr. Itkin had another action pending in which he could seek this discovery from East West Bank, i.e., the State Court Action.  In his reply, Mr. Itkin explained that the Foreign Representatives were incorrect because (1) the discovery deadline had passed in early 2020 before the trial in the State Court Action, so it was <u>not</u> a pending action in which discovery could be sought by Mr. Itkin; and (2) this Court had ruled on November 14, 2022, that the State Court Action was stayed as to matters concerning NAPL, so discovery also could not be sought for that reason.  As such, the impact of the stay bears upon this Court finding that a threshold requirement for obtaining a Rule 2004 Order has been met.

6.    <u>Comments on the Foreign Representatives' Report</u>:  The Foreign Representatives' above-stated Status Report should not result in further delay of the State Court Action that is ready to be tried and the Federal Action in which all pretrial deadlines have passed.  Mr. Itkin's Motions were filed more than five months ago.  They should be granted.  In the very short time that Mr. Itkin has had to review the Foreign Representative's Report with Mr. Itkin's foreign counsel, it is apparent that their report to this Court is incomplete.

First, at the described January 13, 2023 hearing on removal of the Liquidators, they were reluctant to confirm who was funding them until the Jersey Court ordered them to do so.  They then confirmed it was Larissa Sabadash, who is believed to be living in the Beverly Hills property and is orchestrating the Jersey liquidation and this Chapter 15 case to extend her stay in the house that the Foreign Liquidators value at "approximately $45 million."

Second, at the January 13, 2023 hearing, the Jersey Court also extracted an undertaking from the Liquidators that Advocate Garrood was "out" and would not be re-retained by them in the future.  That undertaking had been sought previously by Mr. Itkin from Advocate Garrood and had been refused.  In his opposition to the Foreign Representatives' recognition motion, Mr. Itkin has previously informed this Court about his concern regarding Advocate Garrood's conflict of interest.  (Docket no. 37, pp. 5-10.)

Third, the referenced December 23, 2022 letter from Ardent Chambers (local Jersey

counsel to the Foreign Representatives) to Preston Legal (Mr. Itkin's Jersey counsel) was entirely tactical in its timing in that it was sent just before Christmas and demanded a response by January 13, 2023, which was the date of the hearing on removal of the Foreign Representatives.

Fourth, the Collas Crill letter that followed on January 20, 2023, purported to rely on "statements" that in reality they were submissions made by Mr. Itkin's counsel in reference to evidence that Mr. Itkin gave in proceedings years ago in Jersey.  It seems clear now that this correspondence was designed, at least in part, to aid efforts in California to delay matters.

Finally, Mr. Itkin's Jersey counsel expects to be responding to these letters shortly.


Dated:    January 26, 2023               TOGUT, SEGAL & SEGAL LLP


                                          By:*/s/ Kyle J. Ortiz*
                                                 Kyle J. Ortiz
                                                 Ronald Howard
                                                 Eitan Blander
                                                 *Attorneys to the Foreign Representatives of*
                                                 *Golden Sphinx Limited*




                                          THE ZORKIN FIRM


                                          By:*/s/ Michael Zorkin*
                                                 Michael Zorkin
                                                 *Attorneys to the Foreign Representatives of*
                                                 *Golden Sphinx Limited*




                                          HILL, FARRER & BURRILL LLP


                                          By:*/s/ Daniel J. McCarthy*
                                                 Daniel J. McCarthy
                                                 *Attorneys to Creditor Garry Y. Itkin*


11