RAMLO LAW
Kurt Ramlo (SBN 166856)
15021 Ventura Blvd. #544
Los Angeles, CA 91403
RamloLegal@gmail.com
Telephone: (310) 880-9208

HERBERT SMITH FREEHILLS KRAMER (US) LLP
Kyle J. Ortiz (NY 4818571) (admitted *pro hac vice*)
Kyle.Ortiz@hsfkramer.com
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

Attorneys to the Foreign Representatives
of Golden Sphinx Limited

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In<br><br>GOLDEN SPHINX LIMITED,<br><br>Debtor in a Foreign Proceeding. | Case No. 2:22-bk-14320-NB<br>Hon. Neil W. Bason<br><br>Chapter 15<br><br>**Foreign Representatives' Status Report**<br><br>Hearing Date: September 9, 2025<br>Hearing Time: 2:00 p.m.<br>Courtroom: 1545 and via ZoomGov |

Andrew Wood and Alexander Adam, in their capacities as the joint liquidators and authorized foreign representatives (in such capacity, the "**Foreign Representatives**") of Golden Sphinx Limited, a corporation organized and existing under the laws of Jersey (the "**Debtor**"), by and through their undersigned counsel, respectfully submit this status report in advance of the September 9, 2025 hearing (the "**Status Conference**") to provide this Court with an update with respect to matters concerning Garry Y. Itkin ("**Mr. Itkin**") and the Debtor pending before the Royal Court of Jersey (the "**Jersey Court**"), and to respond to the status report filed by Mr. Itkin (the "**Itkin Status Report**") (Dkt. No. 179).

///

///

STATUS REPORT

# **STATUS REPORT**

As an initial matter, the Foreign Representatives take no issue with continuing the Status Conference to October 7, 2025, or such date that is convenient for the Court.

The Foreign Representatives file this Status Report to clarify and correct certain statements contained in the Itkin Status Report.

As Mr. Itkin concedes in the Itkin Status Report, he has not paid the costs to the Debtor that were ordered by the Jersey Court in its July 23, 2025 order (the "**July 23 Order**"), nor did he respond to the Debtor's requests for information by the Jersey Court-imposed deadline. Mr. Itkin provided a belated response to the requests for information on August 4, 2025, but such responses are defective in several respects including failure to answer numerous of the requests. As set forth in the July 23 Order, if Mr. Itkin failed to pay the ordered costs and answer the requests for information by July 31, 2025, his Amended Answer in the Jersey Court "shall be struck out and he shall be debarred from defending the proceedings." A copy of the July 23 Order is attached as **Exhibit 1** to this Status Report. The July 23 Order's enforcement provisions are understood to be automatic, and Mr. Itkin has not to date applied for relief from the automatic sanctions contained therein, notwithstanding his breach of the July 23 Order.

On August 11, 2025, Mr. Itkin filed an affidavit with the Jersey Court stating that the reason for his failure to pay costs was due to litigation funding being terminated and that he should be in a position to pay costs by September (the "**Itkin Affidavit**"). To date, Mr. Itkin has not paid any costs to the Debtor.

Following the filing of the Itkin Affidavit, the Jersey Court ordered Mr. Itkin to file a further affidavit by August 22, explaining his financial position and why the matters raised in the Itkin Affidavit were not previously raised. *See* August 14, 2025 Order ¶ 2, attached as Exhibit A to the Itkin Status Report. The Jersey Court subsequently extended Mr. Itkin's time to file the further affidavit to September 3, 2025. *See* August 21, 2025 Order, attached as Exhibit B to the Itkin Status Report. Mr. Itkin failed to do so. Instead, Mr. Itkin filed a summons and an affidavit seeking to postpone matters pending the situation with his legal representation. *See* Exhibit C to the Itkin Status Report.

There is a hearing in the Jersey Court currently scheduled for September 22, 2025, in relation to the Debtor's summons for judgment against Mr. Itkin due to his breach of the July 23 Order. The September 22 hearing has not yet been vacated and still may proceed depending on the outcome of Mr. Itkin's summons.

**WHEREFORE**, the Foreign Representatives respectfully request that this Court continue the Status Conference in this case until October 7, 2025, or such other date that is convenient to the Court.

Dated: September 8, 2025

HERBERT SMITH FREEHILLS KRAMER (US) LLP

By: */s/ Kyle J. Ortiz*
    Kyle J. Ortiz

Attorney to the Foreign Representatives of
GOLDEN SPHINX LIMITED

Dated: September 8, 2025

RAMLO LAW

By: */s/ Kurt Ramlo*
    Kurt Ramlo

Local Counsel to the Foreign Representatives of
GOLDEN SPHINX LIMITED

# Exhibit 1

# Exhibit 1

# *In the Royal Court of Jersey*

**Samedi Division**                                                                2021/149

In the year two thousand and twenty-five, the twenty-third day of July.

Before Advocate David Michael Cadin, Master of the Royal Court.

BETWEEN                    Golden Sphinx Limited
                           (In Creditors' Winding Up)                    PLAINTIFF

AND                                Garry Itkin                           DEFENDANT

UPON hearing Counsel for the Parties and for the reasons set out in a judgment undercover of File and Parties Only dated 24 July 2025 handed down electronically today IT IS HEREBY ORDERED THAT:

1. unless the Defendant:

    a. pays the Plaintiff the sum of £78,432 on account of the costs ordered pursuant to the Act of Court dated 7 February 2024; such sum to be received in cleared funds by the Plaintiff by 12 noon local time in Jersey (British Summer Time) on 31 July 2025; and

    b. answers Requests 2 (ii) to (viii); 5, 6, 10, 13, 14, 15, 19, 20, 22, 23, 24, 25, 26, 41, 43, 44, 45, 49, 50, 51, 52, 54, 57, 58, 59, 60, 61, 62, 63, 64, 69, 77, 79, 80, 87, and 92 of the Plaintiff's Requests for Further Information by 12 noon local time in Jersey (British Summer Time) on 31 July 2025.

    the Defendant's Amended Answer shall be struck out and he shall be debarred from defending the proceedings;

2. the parties shall use reasonable endeavours to agree the scope of their respective discovery protocols and it is further provided that:

    a. by no later than 4pm on 29 August 2025, the parties shall agree the scope and nature of searches to be undertaken by each of the parties, and the form of the disclosure list to be produced by each of the parties, as part of the disclosure process, pursuant to Practice Directions RC17/07 (Discovery) and RC17/08 (Discovery of Documents held in Electronic Form); and

    b. any issues arising in relation thereto shall be determined in September 2025, TE ½ day, such date to be fixed by 31 July 2025;

3. by 4pm on 24 October 2025, the Plaintiff shall serve on the Defendant, and the Defendant shall serve on the Plaintiff, a List of Documents discovered and file an affidavit verifying such list and there shall be inspection of the said documents by 31 October 2025, and it is further provided that:

   a. any applications to be brought by any party in relation to the said discovery shall be made by 4pm on 28 November 2025 and shall be determined in December 2025, TE 1 day, such date to be fixed by 31 July 2025; and

   b. in the event that both parties confirm in writing to the Court by 4pm on 28 November 2025 that there are no applications arising in relation to discovery:

      i. the parties shall simultaneously exchange signed and dated witness statements of fact to stand as evidence in chief, subject to any further order of the Court, by 4pm on 30 January 2026;

      ii. the matter shall be placed on the hearing list; and

      iii. the parties shall apply to the Bailiff's Judicial Secretary by 5 December 2025 to fix a date for the trial of this action, TE 10 days, and for a pre-trial review, TE 2 hours, such pre-trial review to take place no later than 6 weeks before the date fixed for the trial of the action.

4. where there is or will be any material non-compliance with any part of the orders set out herein, this matter shall be referred back to the Master as soon as possible;

5. liberty to apply;

6. in terms of costs, the Defendant shall pay:

   a. the Plaintiff's costs of and incidental to the Defendant's summons dated 14 June 2022;

   b. 60% of the Plaintiff's costs of and incidental to the Plaintiff's summons dated 21 October 2024;

   c. the costs of and incidental to the Defendant's application for a stay of the proceedings and for the avoidance of doubt, that includes the costs of the hearings on 17 and 25 February 2025 and the consent order of 7 May 2025; and

   d. the Plaintiff's costs of and incidental to the Plaintiff's summons dated 3 February 2025 seeking unless orders.

7. the said orders for costs shall be summarily assessed on a standard basis if not agreed and it is further provided in accordance with Practice Direction RC 17/11 that:

   a. by 4pm on 6 August 2025, the Plaintiff shall provide to the Defendant a schedule of the costs claimed and such schedule shall be in the form of a live excel document containing the information required under paragraph 4 of Practice Direction RC 17/11 together with such other information as it wishes to rely on

       for the purposes of the summary assessment and for the avoidance of doubt, any costs relating to the summary assessment shall be separately identified;

b. by 4pm on 20 August 2025, the Defendant shall provide to the Plaintiff such submissions or objections as he thinks fit in relation to the costs claimed and if there are granular objections to individual items claimed in the schedule of costs, these shall be identified in additional columns added to the said live excel document (which may include for example columns labelled Objections, Time allowed, Costs allowed) together with such other material as he thinks fit;

c. thereafter the parties shall have until 3 September 2025 in which to agree the amount of costs to be paid; and

d. in default of agreement, on 4 September 2025, the Plaintiff shall upload to Case Centre under section M [Costs]:

    i. the live excel document containing the costs claimed and the objections;

    ii. any further material relied upon by either party and provided to the other in accordance with the above directions; and

    iii. any relevant offers which either of the parties might wish the court to take into account when assessing the costs of the taxation, such offers to be entitled "Offer Correspondence: Open/ WPSATC: [date]: [from]" (as the case may be).

e. such summary assessment shall occur on or after 5 September 2025.

*[signature]*

Master of the Royal Court

CC (JB)
BJ (IJ)
Bailiff's Judicial Secretary (by email for information)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 15021 Ventura Blvd. #544, Sherman Oaks, CA  90034.

A true and correct copy of the foregoing document entitled

## Foreign Representatives' Status Report

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **September 8, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Schuyler Carroll**     SCarroll@manatt.com, lduong@manatt.com
- **Benjamin R King**     bking@loeb.com, karnote@loeb.com;ladocket@loeb.com;bking@ecf.courtdrive.com
- **Dare Law**     dare.law@usdoj.gov
- **Daniel J McCarthy**     dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;dflowers@hfbllp.com
- **Kyle Ortiz**     kyle.ortiz@hsfkramer.com, dperson@teamtogut.com;rhoward@teamtogut.com;eblander@teamtogut.com
- **Keith C Owens**     kowens@foxrothschild.com, khoang@foxrothschild.com
- **Oleg Stolyar**     astolyar@loeb.com
- **Boris Treyzon**     btreyzon@actslaw.com, pjs@actslaw.com
- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **September 8, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**None**.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 8, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**None**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 8, 2025 | Kurt Ramlo | /s/ Kurt Ramlo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                            **F 9013-3.1.PROOF.SERVICE**