HILL, FARRER & BURRILL LLP
Daniel J. McCarthy (SBN 101081)
dmccarthy@hillfarrer.com
515 S. Flower Street, 7th Fl.
Los Angeles, CA  90071
Telephone: (213) 621-0802
Fax: (213) 624-4840

Attorneys for Creditor
Garry Y. Itkin

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re, | Case No. 2:22-bk-14320-NB |
| GOLDEN SPHINX LIMITED, | Chapter 15 |
| Debtor in a Foreign Proceeding. | **CREDITOR GARRY Y. ITKIN'S STATUS REPORT** |
| | Date:    April 21, 2026<br>Time:    2:00 p.m.<br>Place:   Courtroom 1545 |

**TO:    THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY**

**JUDGE, AND TO ALL PARTIES AND THEIR ATTORNEYS OF**

**RECORD:**

Creditor Garry Y. Itkin ("Mr. Itkin") respectfully submits the following Status Report in this Chapter 15 case.

On December 17, 2025, this Court entered an Order Granting Motion for Court-Ordered Mediation and Continuing Case Status Conference in the above-caption case (docket no. 190), which required the parties and their respective counsel in the following cases to participate in a "global mediation": (1) the Golden Sphinx Limited Chapter 15 case (case no. 2:22-bk-14320-NB); (2) the Itkin & Sabadash Chapter 7 case (case no. 2:25-bk-11235-NB) and (3) the Aleksander Vitalievich Sabadash Chapter 15 case (case no. 2:23-bk-15574-NB).   On January 16,

-1-

2026, this Court also entered an order in the above-captioned case appointing the Honorable Meredith A. Jury (Ret.) to act as the mediator in the global mediation pursuant to the agreement of the parties in the three cases.  (Docket no. 193.)

Mediation sessions in the global mediation took place via Zoom before Judge Jury on February 24, 2026 and March 17, 2026.  A settlement was not reached.

Mr. Itkin believes that primary impediment to settlement has been the respective perceptions of Mr. Itkin and the Foreign Representatives of Golden Sphinx Limited, who are its Joint Liquidators (Andrew Wood and Alexander Adam) regarding what is likely to occur in the Jersey liquidation proceeding of Golden Sphinx Limited ("GSL").  There are three pending matters in the Jersey proceeding that bear upon that.

First, a hearing occurred on April 13, 2026, on Mr. Itkin's application for an order directing that the following issues be litigated in the Los Angeles Superior Court: (1) the existence of a partnership between Mr. Itkin and Alexander Sabadash under California law and, (2) if that partnership exists, the balance of each partner's capital account as a matter of California partnership accounting.  This Court will recall that on April 10, 2024, it issued a letter to the Royal Court of Jersey pursuant to 11 U.S.C. § 1525(b) in which this Court requested the Jersey's Court's assistance by responding to the question: "To what extent would further modifying, conditioning, terminating, or otherwise granting relief from the automatic stay as to either or both of the California Actions aid, interfere with, or otherwise affect the ability of the Joint Liquidators to discharge their obligations to creditors and other parties in interest, or the ability of the Royal Court to discharge its own duties, in the proceedings pending before it…." (GSL docket no. 140, at 11.)  The Jersey Court eventually responded with indifference rather than providing assistance.  This Court then issued final orders confirming the scope of the automatic stay as it applied to the Superior Court and District Court actions between Mr. Itkin and GSL.  (GSL docket nos. 153 and 154.)  If the Jersey Court grants Mr. Itkin's application, he will be returning to this Court in GSL's Chapter 15 case and in Alexander Sabadash's Chapter 15 case to request relief from the automatic stay to proceed with the Los Angeles Superior Court Action on those issues.  At the April 13th hearing, the Jersey Court ruled "reserved judgment," which means it took the

- 2 -

application under submission and will be issuing a written judgment.

Second, Mr. Itkin has a "strike-out" application scheduled for hearing in the Jersey liquidation proceeding on April 30, 2026, by which he is requesting that the Court dismiss GSL's claims against him.  The application is brought on various grounds including the pre-existing Superior Court and District Court Actions between Mr. Itkin and GSL that overlap with the claims pursued against Mr. Itkin in the Jersey proceeding and the unreasonable delay by the Joint Liquidators/Foreign Representatives in pursuing those claims given that the Jersey proceeding has been pending since July 2022.

Third, the Jersey Court has ordered the Joint Liquidators/Foreign Representatives to deposit the net amount of £272,795.24 with the Court by 14 days after the Court's ruling on Mr. Itkin's strike-out application.  This amount is meant to be security for Mr. Itkin's fees and costs in connection with the claims against him.  Should they fail to deposit that amount, the claims against Mr. Itkin in the GSL liquidation proceeding will be subject to dismissal.

After these three events occur, Mr. Itkin intends to request the other parties to the global mediation to schedule a third mediation session with Judge Jury and, in the absence of an agreement, to ask this Court to order the parties to a further mediation session.

**WHEREFORE**, Mr. Itkin respectfully requests that this Court continue the Status Conference and all other matters in this case until a date that is convenient to the Court after June 1, 2026, but not during the period June 8 to 12, 2026, when Mr. Itkin's counsel will be out of the country.

DATED: April 14, 2026                                   HILL, FARRER & BURRILL LLP


                                                        By:  /s/ Daniel J. McCarthy
                                                             Daniel J. McCarthy
                                                             Attorneys for Creditor
                                                             GARRY Y. ITKIN

- 3 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 515 S. Flower Street, 7th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **CREDITOR GARRY Y. ITKIN'S STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 14, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Schuyler  Carroll  SCarroll@manatt.com,  lduong@manatt.com
Benjamin R King  bking@loeb.com,  karnote@loeb.com;ladocket@loeb.com;bking@ecf.courtdrive.com
Dare  Law  dare.law@usdoj.gov
Daniel J McCarthy dmccarthy@hillfarrer.com,  spadilla@hillfarrer.com;dflowers@hfbllp.com
Kyle  Ortiz  kyle.ortiz@hsfkramer.com,  dperson@teamtogut.com;rhoward@teamtogut.com;
eblander@teamtogut.com
Keith C Owens  kowens@foxrothschild.com,  khoang@foxrothschild.com
Kurt Ramlo  RamloLegal@gmail.com,  kr@ecf.courtdrive.com, ramlo@recap.email
Oleg  Stolyar  astolyar@loeb.com
Boris  Treyzon  btreyzon@actslaw.com,  pjs@actslaw.com
United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov

☐   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 14, 2026 | Sonia Padilla | /s/ Sonia Padilla |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

- 4 -